UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRADSHAW MEDICAL, INC.,

    Plaintiff

    v.    Case No. 2:16-cv-420

MEDTORQUE, INC.,

    Defendant,

GREATBATCH, INC.,

    Defendant,

SANDMAR SURGICAL INSTRUMENTS, INC.,

    Defendant,

KEVIN MARCHANT,

    Defendant,

JAMES WALSH,

    Defendant, and

DANIEL KEGG,

    Defendant

## COMPLAINT

Plaintiff, Bradshaw Medical, Inc. ("Bradshaw") by its attorneys, Absolute Technology Law Group, LLC, alleges its complaint against the Defendants, MedTorque, Inc. ("MedTorque"), Greatbatch, Inc. ("Greatbatch"), Sandmar Surgical Instruments, Inc.

("Sandmar"), Kevin Marchant ("Marchant"), James Walsh ("Walsh"), and Daniel Kegg ("Kegg") as follows:

## THE PARTIES

1. Bradshaw is a corporation duly organized and existing under the laws of the State of Wisconsin. Bradshaw has a principal place of business at 10325 58th Place, Kenosha, WI 53144. Bradshaw does not have a parent corporation.

2. Upon information and belief, MedTorque is a corporation duly organized and existing under the laws of the State of Wisconsin. MedTorque has a principal place of business at 5601 95th Avenue, Kenosha, WI 53144. MedTorque is owned in whole or in part by Parallel 49 Equity, having offices at One Westminster Place, Suite 100, Lake Forest, IL 60045.

3. Upon information and belief, Greatbatch is a corporation duly organized and existing under the laws of the State of Delaware. Greatbatch has a principal place of business at 2595 North Dallas Parkway, Suite 310, Frisco, TX 75034.

4. Upon information and belief, Sandmar was a corporation duly organized and existing under the laws of the State of Wisconsin. Sandmar had a principal place of business at 4311 43rd Street, Kenosha, WI 53144. Sandmar was administratively dissolved June 10, 2014. Sandmar has a registered agent, Bernard J. Powers of Foley Shannon Powers & Rusch S.C., located at 7200 Washington Ave. Suite 102, Racine, WI 53406.

5. Upon information and belief, Marchant was a principal of Sandmar and MedTorque. Marchant is an individual having offices at 5601 95th Avenue, Kenosha, WI 53144.

6. Upon information and belief, Walsh was a principal of Sandmar. Walsh is an individual having offices at 4000 Sussex Avenue, Aurora, IL 60504.

7. Upon information and belief, Kegg was a principal of Sandmar. Kegg is an individual having offices at 9121 58th Place, Kenosha, WI 53144.

## JURISDICTION AND VENUE

8. This action is a suit for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 et. seq. The jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1332, 1338(a).

9. Venue in this district is proper under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

10. This Court has personal jurisdiction over Greatbatch because it manufactures and sells infringing orthopedic surgical products, with the knowledge and intent that the products will be offered for sale, sold, and used throughout the United States, including in the State of Wisconsin and in this district. Orthopedic surgical products manufactured and sold by Greatbatch are used by medical professionals located in this district.

11. This Court has personal jurisdiction over MedTorque because it manufactures and sells infringing orthopedic surgical products, with the knowledge and intent that the products will be offered for sale, sold, and used throughout the United States, including in the State of Wisconsin and in this district. Orthopedic surgical products manufactured and sold by MedTorque are used by medical professionals located in this district. Upon information and belief, MedTorque committed the alleged acts of infringement in this District.

12. This Court has personal jurisdiction over Sandmar because it manufactured and sold infringing orthopedic surgical products, with the knowledge and intent that the products would be offered for sale, sold, and used throughout the United States, including in the State of Wisconsin and in this district. Upon information and belief, Sandmar committed the alleged acts

of infringement in this District.

13. This Court has personal jurisdiction over Marchant because Marchant was a principal of both MedTorque and Sandmar, Wisconsin-registered corporations located in this District, during the time of the alleged acts of infringement. Upon information and belief, Marchant committed the alleged acts of infringement in this District.

14. This Court has personal jurisdiction over Walsh because Walsh had purposeful, substantial and continuous contact with MedTorque, and was a principal of Sandmar, a Wisconsin-registered corporation located in this District, during the time of the alleged acts of infringement. Upon information and belief, Walsh committed the alleged acts of infringement in this District.

15. This Court has personal jurisdiction over Kegg because Kegg had purposeful, substantial and continuous contact with MedTorque, and was a principal of Sandmar, a Wisconsin-registered corporation located in this District, during the time of the alleged acts of infringement. Upon information and belief, Kegg committed the alleged acts of infringement in this District.

**BACKGROUND**

16. Bradshaw is the owner and assignee of U.S. Patent No. 8,096,214 ("the '214 patent") entitled "Ratcheting Head with Internal Self-Locking Adapter Related Applications," which was filed on February 20, 2009 and issued January 17, 2012. A true and correct copy of the '214 patent is attached hereto as **Exhibit A**.

17. The '214 patent claims an orthopedic surgical device with a ratcheting mechanism which engages two pawls at two points along the ratcheting mechanism.

18. The '214 patent is a continuation-in-part of application No. 11/725,841, filed on March 20, 2007, now U.S. Pat. No. 7,992,472, which is a continuation-in-part of application No. 11/545,916, filed on October 11, 2006, now U.S. Pat. No. 7,334,509, and a continuation-in-part of application No. 29/258,441, filed on April 21, 2006, now U.S. Pat. No. Des. 562,665.

19. Bradshaw is the owner and assignee of U.S. Patent No. 8,109,181 ("the '181 patent") entitled "Ratchet Screwdriver and Construction Method," which was filed on July 25, 2007 and issued February 7, 2012. A true and correct copy of the '181 patent is attached hereto as **Exhibit B**.

20. The '181 patent claims an orthopedic surgical device with a ratcheting mechanism which engages two pawls at two points along the ratcheting mechanism.

21. Upon information and belief, Greatbatch sells orthopedic surgical products ("the orthopedic surgical products"), including the orthopedic surgical product with the model number RL0003 which infringes the '214 and '181 patent.

22. Upon information and belief, Greatbatch first acquired the orthopedic surgical products from Sandmar in 2008.

23. Upon information and belief, MedTorque was at least partially owned and managed by Marchant during 2008 and 2009, along with other undisclosed owners and/or managers.

24. Upon information and belief, during that period, Greatbatch was a customer of MedTorque.

25. Upon information and belief, Sandmar was wholly owned and managed by three principals: Marchant, Walsh, and Kegg.

26. Upon information and belief, Marchant, Walsh, and Kegg purposefully developed

and marketed the orthopedic surgical products to Greatbatch beginning in 2008, including a device which infringed the BMI '214 and '181 patents.

27. Upon information and belief, Sandmar transferred some or all of its manufacturing and sales agreements for the orthopedic surgical products to MedTorque after 2008, and Marchant participated in this transfer.

## COUNT I: INFRINGEMENT OF THE '214 PATENT

28. Bradshaw realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 27.

29. The '214 patent is valid and enforceable.

30. The Defendants, without permission of Bradshaw, have been and are still infringing one or more claims of the '214 patent as infringement is defined by 35 U.S.C. § 271(a) by making, selling, offering for sale, using and/or importing the orthopedic surgical products, including at least the RL0003 orthopedic tool.

31. The Defendants had notice of the '214 patent no later than the date upon which it received this complaint.

32. To the extent that the Defendants have continued or do continue their infringing activities after receiving notice of the '214 patent, such infringement is willful, entitling Bradshaw to the recovery of treble damages pursuant to 35 U.S.C. § 284.

33. Bradshaw has suffered damage by reason of the Defendants' infringement of the '214 patent. Bradshaw will continue to suffer irreparable harm if the Defendants are allowed to continue their infringing activity. Bradshaw believes that the Defendants will continue to infringe the '214 patent unless enjoined by this Court.

## COUNT II: INFRINGEMENT OF THE '181 PATENT

34. Bradshaw realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 33.

35. The '181 patent is valid and enforceable.

36. The Defendants, without permission of Bradshaw, have been and are still infringing one or more claims of the '181 patent as infringement is defined by 35 U.S.C. § 271(a) by making, selling, offering for sale, using and/or importing the orthopedic surgical products, including at least the RL0003 orthopedic tool.

37. The Defendants had notice of the '181 patent no later than the date upon which it received this complaint.

38. To the extent that the Defendants have continued or do continue their infringing activities after receiving notice of the '181 patent, such infringement is willful, entitling Bradshaw to the recovery of treble damages pursuant to 35 U.S.C. § 284.

39. Bradshaw has suffered damage by reason of the Defendants' infringement of the '181 patent. Bradshaw will continue to suffer irreparable harm if the Defendants are allowed to continue their infringing activity. Bradshaw believes that the Defendants will continue to infringe the '181 patent unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Bradshaw respectfully request judgment and relief against the Defendants as follows:

A. An award of Bradshaw's damages, including prejudgment interest and post

judgment interest;

B. A trebling of damages for willful infringement;

C. A finding that this is an exceptional case and an award of Bradshaw's attorneys' fees and costs;

D. A declaration that the '214 patent is valid, enforceable, and infringed by the Defendants;

E. A declaration that the '181 patent is valid, enforceable, and infringed by the Defendants;

F. A permanent injunction prohibiting further patent infringement by the Defendants and all of their officers, agents, affiliates, servants, customers, and employees, and all other persons in active concert or participation with the Defendants;

G. If a permanent injunction is not granted, a judicial determination of the conditions of future infringement, such as a royalty bearing compulsory license or such other relief as the Court deems appropriate; and

H. Such other and further relief as the Court deems just.

## JURY DEMAND

Bradshaw demands a trial by jury on all issues properly tried to a jury.

Dated this 5th day of April, 2016.

s/ Jill Welytok
Jill Welytok, Bar No. 1,019,616
Attorney for the Plaintiff
Absolute Technology Law Group, LLC
3316 W. Wisconsin Avenue
Milwaukee, WI 53208

Telephone: (414) 223-1670  
Fax: (414) 223-1671  
Email: jwelytok@abtechlaw.com